UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MELVIN LEE APPLEWHITE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14CV117 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Movant has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant pled guilty to felon in possession of a firearm, and the Court sentenced movant to seventy months' imprisonment. Movant did not appeal.

Movant seeks to vacate his sentence on the basis that: (1) the search was unlawful because the officers did not knock or announce; (2) the officers searched the wrong residence; and (3) he was "framed," and he never admitted to possessing the firearm.

In his plea agreement, movant waived his right to contest his conviction or sentence in a § 2255 action, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Knowing and voluntary waivers of collateral-attack rights are enforceable. E.g., DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). Movant does not allege that his plea agreement was not knowing or voluntary. As a result, he has waived his right to bring this action, and he is not entitled to relief.

Furthermore, the motion fails to state a claim for relief. Fourth Amendment claims are not cognizable on federal habeas review so long as the defendant had "an opportunity for full and fair litigation of [the] claim." Stone v. Powell, 428 U.S. 465, 494 (1976); see Ray v. United

States, 721 F.3d 758, 762 (6th Cir. 2013) (applying Stone in § 2255 case). Movant filed a motion to suppress evidence in the underlying criminal case, which shows that he had the opportunity to litigate his Fourth Amendment claims.

Rule 2(c) of the Rules Governing § 2255 Cases requires a movant to state the factual basis for each ground of relief. Movant's claim that he was "framed" is conclusory and does not allege facts, which if proved, would entitle him to relief. So, the allegations do not state a claim upon which relief can be granted.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this 25th day of August, 2014.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE